## McMaster, Appellant, *v.* West Chester State Normal School.

*Mechanics' liens—Act of June 8, 1891—Constitutional law.*

The act of June 8, 1891, P. L. 225, in regard to the lien of subcontractors, is unconstitutional: Waters v. Wolf, ante, page 153, followed.

Mr. Justice Mitchell dissents.

Argued Feb. 8, 1894. Appeal, No. 56, Jan. T., 1894, by plaintiff, David McMaster, to the use of Hummelstown Brown Stone Co., from order of C. P. Chester Co., April T., 1893, No. 17, dismissing rule for judgment for want of sufficient affidavit of defence. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule for judgment for want of sufficient affidavit of defence in sci. fa. sur mechanic's claim.

The facts appear by the opinion of the Supreme Court.

Rule dismissed in opinion by HEMPHILL, J., 2 Dist. R. 753.

*Error assigned* was dismissal of rule.

*John G. Johnson* and *William Butler, Jr., Thos. S. Butler* and *Wm. S. Windle* with them, for appellant.—The subcontractor's right to lien is given by statute; it is the law, and not the contract or consent of the owner which secures the lien: Nice v. Walker, 153 Pa. 132. Before the act of 1891, in order to deprive the subcontractor of his right, the contract which authorized the erection of the building must have clearly prohibited liens: Nice v. Walker, supra. That the right of the subcontractor was measurably independent of the contract is shown by the fact that liens might be entered in excess of the contract price: Taylor v. Murphy, 148 Pa. 337. The court in Schroeder v. Galland, 134 Pa. 284, held the subcontractor was fixed with notice of the terms of the contract of the owner with the contractor. This line of decisions rests upon the principle of implied waiver; the act of 1891 requires a written waiver by the subcontractor. The legislature gave the right of lien to the subcontractor without any assent on the part of the owner; it can preserve such right against the dissent of the owner: Taylor v. Murphy, supra; Best v. Baumgardner, 122 Pa. 17.

The case of Johns Spry Lumber Co. v. Savings Bank Co., 77 Mich. 199, is not in point, as will appear by an examination of the Michigan act and the construction which the court put upon it.

The case of Godcharles v. Wigeman, 113 Pa. 437, was one in which the legislature undertook to dictate the character of compensation which the laborer should receive; here the legislature simply gives a remedy whereby the payment of that which the laborer or material man is entitled to receive may be secured.

Cannot the legislature declare that, in order to prevent fraud and imposition, a subcontractor shall have a right of lien, unless he has waived such right in writing?

The statute does not conflict with section 9 of the Bill of Rights: Craig v. Kline, 65 Pa. 413; Fetter v. Wilt, 46 Pa. 460.

The act of 1891 does not affect the obligation of contracts; it only relates to the remedy and is therefore not unconstitutional: Cooley's Const. Lim. 346.

There is no unreasonable hardship to the owner in the act of 1891, as he can secure himself by sureties from the contractor and by reserving the right to supervise the employment of the subcontractors. But questions of convenience are purely for the legislature; the court can only inquire whether the act transcends the limits of the constitution: Weister v. Hade, 52 Pa. 478; R. R. v. Riblet, 66 Pa. 164; Com. v. Maxwell, 27 Pa. 444; Powell v. Com., 19 W. N. 31.

It is unnecessary to discuss section 2 of the act of 1891, as section 1 is complete in itself and can stand alone.

The act of 1891 cannot be declared unconstitutional, unless its invalidity is plainly manifest: Sharpless v. Mayor, 21 Pa. 164; R. R. v. Casey, 26 Pa. 287; Cooley's Const. Lim. 197, 201, 202, 216.

*R. Jones Monaghan, J. Frank E. Hause* and *Cornwell & Cornwell* with him, for appellee.—In Pennsylvania, the lien of a mechanic or material man is based not on the statute alone, but also on the contract, express or implied, of the owner, on which the statute itself is founded: Tebay v. Kirkpatrick, 146 Pa. 124; Harlan v. Rand, 27 Pa. 516; Brown v. Cowan, 110 Pa. 592; Schroeder v. Galland, 134 Pa. 285; McElroy v. Braden, 152 Pa. 78; Nice v. Walker, 153 Pa. 125; Creswell Iron Works v. O'Brien, 156 Pa. 172; Phillips on Mechanics' Liens, 2d ed., §§ 57, 65, 212, 213, 497; Campbell v. Scaife, 1 Phila. 187; Iron Works v. Keystone Oil Co., 122 Pa. 631.

The act of 1891 interferes with the indefeasible right of acquiring, possessing and protecting property and of pursuing happiness, secured by art. 1, § 1 of the constitution of Pennsylvania: Braceville Coal Co. v. People, 48 Alb. L. J. 391; Frorer v. People, 141 Ill. 171; Jacobs's Case, 98 N. Y. 98; Watertown v. Mayo, 109 Mass. 315; People v. Gillson, 109 N. Y. 389; Com. v. Perry, 155 Mass. 117; Millett v. People, 117 Ill. 295; Whitwell's Case, 98 Cal. 73; Henry & Coats

worth v. Evans, 97 Mo. 47 ; Henry v. Rice, 18 Mo. Ap. 510 ; State v. Goodwill, 33 W. Va. 179 ; Bertholf v. O'Reilly, 74 N. Y. 525 ; Haskell v. Jones, 86 Pa. 173 ; Shires v. Com., 120 Pa. 368 ; Cranson v. Smith, 37 Mich. 309 ; Godcharles v. Wigeman, 113 Pa. 431 ; Lee v. Lewis, 7 Kulp, 164.

The act of 1891 violates the 14th amendment to the constitution of the United States, in that under it a person may be deprived of property " without due process of law : " 3 A. & E. Ency. L. 714, 726 ; Slaughter-house Cases, 83 U. S. 36 ; Ziebold's Case, 19 Rep. 472 ; Dartmouth College Case, 4 Wheat. 519, 581 ; Potter's Dwarris, ed. of 1871, 430 ; Tiedeman's Limitations of Police Power, 519 ; Cooley's Const. Lim. *368 and 369 and note ; Wright v. Cradlebaugh, 3 Nev. 341, 349 ; Ulman v. Mayor, 72 Md. 592 ; Garvin v. Daussman, 114 Ind. 433, 435 ; Hare's Const. L. 357, 383, 755 ; Hurtado v. Cal., 110 U. S. 516, 535 ; Ry. v. Humes, 115 U. S. 512 ; Hagar v. Reclamation District, 111 U. S. 701, 708 ; Ramsey v. People, 142 Ill. 380 ; Yesler v. Comrs., 146 U. S. 655 ; Kaukana Water Power Co. v. Green Bay Co., 142 U. S. 254 ; Caldwell v. Texas, 137 U. S. 692 ; dissenting opinion of CASSODAY, J., in Mallory v. La Crosse Abattoir, 80 Wis. 170 ; R. R. v. Minnesota, 134 U. S. 418.

The act of 1891 is unconstitutional in that it assumes to take private property without compensation and for private use : U. S. Const., 5th amendment ; art. 16, § 8, Const. Pa. ; Embury v. Conner, 3 N. Y. 517 ; Powers v. Bergen, 6 N. Y. 367 ; Wynehamer v. People, 13 N. Y. 434; Palairet's Ap., 67 Pa. 486 ; Edgwood R. R. Co.'s Ap., 79 Pa. 270.

The act is a special law and violates art. 3, § 7, paragraphs 1, 17, 24 and 26 of the constitution of Pennsylvania: Wheeler v. Phila., 77 Pa. 348 ; State v. Hammer, 13 Vroom, 440; Gibbs v. Morgan, 39 N. J. Eq. 128; Bingham v. Gibbs, 17 Vroom, 515 ; Kitty Roup's Case, *81 Pa. 214; Scowden's Ap., 96 Pa. 424 ; Davis v. Clark, 106 Pa. 382.

The act violates art. 5, § 1, of the constitution of Pennsylvania, vesting judicial powers in the courts : Titusville Iron Works v. Keystone Oil Co., 122 Pa. 633 ; Grant Street, 121 Pa. 603.

OPINION BY MR. JUSTICE DEAN, July 11, 1894:

Davis Pennock was the principal contractor for the erection of an addition to the West Chester State Normal School. David McMaster, the plaintiff, contracted verbally with him to furnish the building stone, and delivered the same under his contract to the value of $2,461.90, and for this filed a mechanic's lien. The contract of McMaster with Pennock was in the spring of 1892, and the stone was delivered under it between June 22d and September 27th of that year. Pennock's contract with the Normal School was dated March 8, 1892, and by it he contracted to erect " Recitation Hall," for the price of $54,000, he to employ all workmen, and furnish all materials. In the contract was this covenant: " The contractor, for himself and his subcontractors, hereby waives and relinquishes any rights he or they may have under statute or act of the legislature to file any lien or claim against the owner, or the property owned by them as a corporation, and hereby agrees, for himself and subcontractors, to file no mechanic's or other lien or claim for work and material furnished under this contract, and to save the owner harmless from all loss or damage by reason of any such lien or claim."

The defendant filed an affidavit of defence to sci. fa. on the lien, setting up the foregoing covenant as a protection against liens by either contractor or his subcontractor. To this, was replied the act of June 8, 1891, declaring invalid this covenant against the subcontractor, because not consented thereto by him in writing. To this, was the rejoinder by defendant, that the act of 1891 was unconstitutional. On the rule for judgment notwithstanding the affidavit of defence, HEMPHILL, J., in a very able opinion, decided the act unconstitutional, and discharged the rule.

This appeal is ruled by Waters v. Wolf, argued at Pittsburg November 8, 1893, in opinion filed this day [above p. 153]. For the reasons therein given, the decree in this case is affirmed, and the appeal is dismissed at costs of appellant.

Mr. JUSTICE MITCHELL dissented.